```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )    Cr. No. 07-10289-MLW
                               )
DARWIN JONES,                  )
     Defendant                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        December 8, 2009

The court has considered the Government's December 1, 2009 Response to the Court's May 18, 2009 Order (the "Response") in the context of the government's earlier representations and responses concerning the questions of whether sanctions should be imposed on Assistant United States Attorney Suzanne Sullivan for failing to disclose important exculpatory information and/or imposed on the government for failing to train and supervise her adequately. See United States v. Jones, 620 F. Supp. 2d 163, 165, 167-68, 180, 185-86 (D. Mass. 2009). The new United States Attorney, Carmen Ortiz, reports that she has encouraged all of the Assistant United States Attorneys handling criminal cases to join her in attending the free December 16, 2009 program on discovery issues, which is described in Exhibit A hereto, that has been planned by judges, prosecutors, defense counsel and a law professor pursuant to the May 18, 2009 Order (the "Program"). See id. at 185; United States Attorney's December 1, 2009 response to Paragraph 1 of Part III of the Court's May 18, 2009 Memorandum and Order. The United States Attorney also states that she will again encourage Assistants to attend the

Program. However, the United States Attorney is not ordering her Assistants to attend because she feels that making the Program compulsory would injure its educational value. The United States Attorney requests that the Program be videotaped so that it can be viewed by Assistants who are unable to attend on December 16, 2009.

In the circumstances of this matter the court has the authority to order the prosecutors in the United States Attorney's Office to attend the Program as a sanction and/or as an exercise of its supervisory powers. See Jones, 620 F. Supp. 2d at 179-81 (citing Chambers v. NASCO, 501 U.S. 32, 45 (1991); United States v. Horn, 29 F.3d 754, 759-60 (1st Cir. 1994)). However, it is not necessary or most appropriate to do so. Since the revelation of Ms. Sullivan's failure to disclose important exculpatory information in this case the United States Attorney's Office has intensified the training of its prosecutors concerning their discovery obligations. See Response, Affidavit of James B. Farmer. The Department of Justice has done so as well. Id. The United States Attorney's Office has also increased its training concerning discovery obligations of at least the federal investigative agencies with which it works. Id. In view of these efforts, and the representations made by Ms. Ortiz, the court finds that it is reasonable to defer to the United States Attorney's judgment that the value of the Program will be enhanced if the attendance of the Assistant United States Attorneys is a voluntary matter.

At the May 18, 2009 hearing at which the court was asked to defer deciding whether to impose sanctions on Ms. Sullivan and/or the government, the Acting United States Attorney, Michael Loucks, stated that a training program involving judges and defense counsel as well as prosecutors would be "useful for everybody."  May 18, 2009 Tr. at 24.  The court hopes this will prove to be true.  In any event, it intends to consider whether the Program appears to have made a meaningful contribution to diminishing the need for sanctions to deter the repeated violations of the government's duty to disclose that have been discovered in this and too many other criminal cases.  See Jones, 620 F. Supp. 2d at 168-71 and Exhibit A thereto.  To facilitate this assessment, the United States Attorney is being directed to report on how many of the criminal prosecutors she employs attended the Program or viewed it on the videotape, which will, as requested, be provided for that purpose.  The court will also consider the United States Attorney's view of the value to prosecutors of the educational effort involving judges and defense counsel in deciding whether further action by the court is necessary or appropriate.

The court has previously stated that it would "invite the Attorney General to designate a representative to participate in the Program" after it was planned.  Id. at 185.  The government's submissions indicate that the Attorney General, the Deputy Attorney General, the Assistant Attorney General for the Criminal Division,

and the Acting head of the Office of Professional Responsibility have each recently been actively involved in the Department of Justice's efforts to improve the performance of federal prosecutors in discharging their discovery obligations. In view of this, the court will rely upon the United States Attorney to inform the appropriate officials of the Department of Justice of the Program, and to invite one or more of them to attend or to send a representative. The United States Attorney is also encouraged to invite the District Attorneys, and the federal, state, and local investigators with whom her prosecutors work, to attend the Program.

After the Program, the court will have to decide whether sanctions should be imposed on Ms. Sullivan and/or the United States Attorney's Office. Id. As indicated earlier, a significant consideration will be whether any such sanction appears to be necessary or appropriate to deter future violations of the government's discovery obligations. The court's most fundamental interest is in assuring that the criminal proceedings it conducts are fair, and that the decisions made in those proceedings are properly informed and final. Honorable, able prosecutors – and there are many – share these interests. Id. at 182 ("The court recognizes that many prosecutors strive earnestly and successfully to meet their discovery obligations"). The court expects that they will contribute to making the Program as valuable as possible.

Accordingly, it is hereby ORDERED that:

1. The United States Attorney shall invite one or more representatives of the Department of Justice to attend the Program and, if they wish, contribute to it. She may also invite the District Attorneys, and the federal, state, and local investigators with whom her office works to attend.

2. By December 30, 2009,[1] the United States Attorney shall update the submissions made by the government seeking to show cause why sanctions should not be imposed in this matter. See May 18, 2009 Order, ¶2. The United States Attorney's submission shall:

   a) As previously ordered, provide any updated information concerning "the progress, if any, that has been made by the Attorney General in his efforts to minimize the risk that federal prosecutors will fail to produce required discovery in criminal cases, and to improve the Department of Justice's process for investigating and disciplining prosecutorial misconduct." Jones, 620 F. Supp. 2d at 185.

   b) State whether a representative of the Department of Justice was invited to attend the Program and did so.

---

[1] The court previously ordered that the United States Attorney and Ms. Sullivan respond to paragraph 2 of the May 18, 2009 Order by January 11, 2010. See Oct. 23, 2009 Order, ¶2. Receiving those responses earlier would facilitate a more expeditious resolution of this matter, possibly before January 11, 2010. However, if requested, the court will grant a reasonable extension of the December 30, 2009 date for the submissions.

5

      c)    Report (i) the total number of Assistant United States Attorneys who handle criminal matters in the District of Massachusetts; (ii) the number of Assistants who attended the Program; and (iii) the number of Assistants who viewed the Program on videotape.

      d)    Report her assessment of the value of the Program as a result of the participation in it of judges and defense counsel as well as prosecutors, and state whether her office is interested in participating voluntarily in the future in similar programs on issues of common interest concerning the administration of justice.

      e)    State her view concerning whether the Program, among other things, has diminished the need for sanctions to be imposed on Ms. Sullivan and/or the government.

    3    By December 30, 2009, Ms. Sullivan shall update her submissions seeking to show cause why sanctions should not be imposed on her. <u>See</u> May 18, 2009 Order, ¶2. Her submission shall, among other things, state whether she attended the Program and, if so, her view of the value of it.

 

                                        /s/ MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE

MCLE**Program**Alert Practice and procedure in the federal court

# Federal Criminal Discovery

**Why attend?**

The United States District Court's seminar on *Federal Criminal Discovery Practice and Procedure* presents a unique opportunity to hear seasoned attorneys, led by a prominent academic, talk about the daily issues of federal criminal discovery. Professor Michael Cassidy of Boston College Law School leads a panel discussion of the practical application of the cases and rules governing federal discovery to a series of hypotheticals presenting common factual scenarios. MCLE invites you to send questions in advance to jsmall@mcle.org.

**BOSTON**
4:00 p.m. - 6:00 p.m., Wednesday, December 16, 2009
John J. Moakley U.S. Courthouse 1 Courthouse Way  Program No. 2100426P01

**PRINT ORDER FORM**
**CONTACT US**

**You will learn**

- What is material to criminal defense attorneys
- The approaches to discovery taken by experienced prosecutors
- Materiality issues
- *Kyles* and the reach of discovery duties
- Due diligence requirements in other jurisdictions
- *Giglio* disclosures
- Legal and practical considerations affecting the timing of disclosures
- Attorney General Holder's new discovery initiatives

**Judicial Panel**
**Hon. Douglas P. Woodlock,** U.S. District Court, District of Massachusetts
**Hon. Leo T. Sorokin,** U.S. District Court, District of Massachusetts

**Lawyer Panel**
**Professor Michael Cassidy,** Boston College Law School
**Michael K. Loucks, Esq.,** U.S. Attorney's Office, District of Massachusetts
**James F. Lang, Esq.,** U.S. Attorney's Office, District of Massachusetts
**James B. Farmer, Esq.,** U.S. Attorney's Office, District of Massachusetts
**Bruce A. Singal, Esq.,** Donoghue Barrett & Singal, PC, Boston
**Stellio Sinnis, Esq.,** Federal Defender's Office, District of Massachusetts
**Elliot M. Weinstein, Esq.,** Boston

**Tuition**
Through a special arrangement between the United States District Court and MCLE this seminar is being offered free of charge to attendees. Written materials will be provided free.

**Written Materials** Available after December 23
 MCLE Sponsor Members . . . . . . . . . . . . . . . . . .$95
 All Others . . . . . . . . . . . . . . . . . . . . . . . . . . . .$105

**CLE Credits**: 2 substantive credits, 1 ethics credits

MCLE**Program**Alert emails are delivered periodically to MCLE customers.
To be removed from this type of mailing please click here, you will be prompted to send an automated email response to MCLE.
To be removed from all MCLE email lists, please click here.
For more information please visit www.mcle.org, or call (617) 482-2205 extension 7. MCLE, Inc., 10 Winter Place, Boston, MA 02108.

Copyright 2009 Massachusetts Continuing Legal Education, Inc. All rights reserved.