UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DARWIN JONES, )<br>    Defendant ) | CR. NO. 07-10289-MLW |

ORDER

WOLF, D.J.                                                                             December 31, 2009

    Attached are a November 19, 2009 letter to the court from Mary Patrice Brown, Acting Counsel to the Department of Justice Office of Professional Responsibility, and the court's December 22, 2009 response to that letter, without the attachments which are part of the public record in this case.

                                                            /s/ Mark L. Wolf
                                                            UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Ave. N.W. Room 3266*
*Washington, D.C. 20530*

---

NOV 19 2009

The Honorable Chief Judge Mark Wolf
United States District Court for the
    District of Massachusetts
John Joseph Moakley United States Court House
Suite 2300
One Courthouse Way
Boston, MA   02210-3002

Dear Chief Judge Wolf:

This is in response to your October 26, 2009 letter acknowledging this Office's request to interview you in connection with your findings regarding Assistant United States Attorney (AUSA) Suzanne Sullivan's conduct in *United States v. Darwin Jones*, No. 07-CR-10289-MLW. In your letter, you requested that we send you "any report concerning this matter issued by OPR and a description of any disciplinary action taken." The "routine use" exception to the Privacy Act set forth at 5 U.S.C. § 552a (b) (3), and the notice published in the Federal Register at 67 FR 70967-02 (November 27, 2002), permit OPR to disclose information in its records to "members of the judicial branch of the Federal Government in response to a written request where disclosures are relevant to the authorized function of the recipient judicial office or court system." Please be advised, therefore, that pursuant to these authorities, we will provide you with the results of our investigation when it is final. We will also inform you of any disciplinary action taken in this matter when the disciplinary proceedings are final.

If you have questions regarding any of the foregoing, please do not hesitate to call me or Deputy Counsel Judith B. Wish on 202-514-3365.

Sincerely,

Mary Patrice Brown
Acting Counsel

-2-

cc:  Joseph Savage, Esq.
     Goodwin Procter, LLP
     53 State Street
     Boston, MA 02115
     (Counsel for AUSA Suzanne Sullivan)

# United States District Court

Boston, Massachusetts 02210

MARK L. WOLF
CHIEF JUDGE

December 22, 2009

Mary Patrice Brown, Acting Counsel
U.S. Department of Justice
Office of Professional Responsibility
960 Pennsylvania Ave., N.W. Room 3266
Washington, D.C.  20530

Dear Ms. Brown:

Thank you for your November 19, 2009 letter which, among other things, informs me that you will provide me with the results of the Office of Professional Responsibility's ("OPR") investigation of Assistant United States Attorney Suzanne Sullivan's conduct in the prosecution of Darwin Jones when that investigation is final. See United States v. Jones, 620 F. Supp. 2d 163 (D. Mass. 2009). While a previous, comparable representation to me by the Department of Justice proved to be unreliable, I understand that you intend to honor this one.[1]

---

[1] As I wrote to Associate Deputy Attorney General David Margolis, on January 2, 2008, concerning Assistant United States Attorney Jeffrey Auerhahn:

> It should be noted that on October 17, 2003, United States Attorney Michael Sullivan submitted to me an affidavit representing that DOJ-OPR "would be willing in this case, at the conclusion of its investigation, to provide the court with the results of its investigation, either by providing an oral briefing or making available all or substantial portions of its report, or both." Oct. 17, 2003 Affidavit of Michael J. Sullivan, ¶8 (Barone v. United States, 98-11104-MLW (Docket No. 89); Ferrara v. United States, 00-11693 (Docket No. 119)). However, the Department neither informed me, or the First Circuit, that OPR had finished its investigation by January, 2005, nor disclosed that OPR too had found that Mr. Auerhahn had failed to discharge his duty to disclose material exculpatory information. As you know, I only received the Report in May, 2007, in response to my December 8,

Your letter arrived at about the time that Assistant United States Attorney Jeffrey Auerhahn filed a motion and supporting memorandum seeking the dismissal of the petition of Massachusetts Bar Counsel that caused the United States District Court to order that Mr. Auerhahn show cause why it should not discipline him for misconduct in the prosecutions of Vincent Ferrara and Pasquale Barone. See In re Jeffrey Auerhahn, MBD No. 09-10206 (Docket Nos. 15, 17, 33, 34, 36, 39); see also Ferrara v. United States, 384 F. Supp. 2d 384 (D. Mass. 2005), aff'd 456 F.3d 278 (1st Cir. 2006); Barone v. United States, Civ. No. 98-11104, Oct. 3, 2003 Tr. at 22-80. Mr. Auerhahn's submissions prompt me to respond more fully to your November 19, 2009 letter concerning Ms. Sullivan.

Mr. Auerhahn argues, among other things, that the petition seeking the imposition of disciplinary sanctions against him by the District Court should be dismissed because as a result of my actions in Ferrara and Barone the Court "relied upon OPR to conduct the investigation it sought of Auerhahn and to impose appropriate discipline." Auerhahn's Mem. in Support of His Motion to Dismiss at 15. Based on this alleged reliance, he contends that the District Court is collaterally estopped from deciding any issues decided by OPR and that any discipline imposed by the Court would constitute an impermissible form of double jeopardy. Id. at 15-18.

While I was informed in 2003 that OPR was conducting an investigation of Mr. Auerhahn, I did not make it my agent or somehow delegate to OPR the District Court's authority and duty to take any justified disciplinary action. See, e.g., In re Jeffrey Auerhahn, 2009 WL 3126894 (D. Mass. Sep. 25, 2009) at *7-9; Bar Counsel's Opposition to Auerhahn's Motion to Dismiss at 8-9. Nor, as I wrote Attorney General Alberto Gonzales on June 29, 2007, did I adopt OPR's report or otherwise rely on OPR. If OPR thought it was acting on my behalf, it would, presumably, have promptly provided its report to me. In any event, the merit of Mr. Auerhahn's motion to dismiss will be decided by the three-judge panel appointed pursuant to the Local Rules of the District Court. See Rule 83.6(5)(D) of the Local Rules of the United States District Court for the District of Massachusetts.

Nevertheless, in view of the position taken by Mr. Auerhahn, it seems prudent with regard to the issue of possibly imposing sanctions on Ms. Sullivan to reiterate what I wrote in May, 2009: "[T]his court does not now find that it would be sufficient to

---

2006 letter to Attorney General Gonzales.

My letter to Mr. Margolis, and the other submissions and decisions referenced in this letter, are enclosed for your convenience.

"[T]his court does not now find that it would be sufficient to defer to OPR in this matter." Jones, 620 F. Supp. 2d at 176.

In addition, in part because I understand that the Department of Justice may be paying for the private lawyers representing Mr. Auerhahn, his motion to dismiss prompts me to ask that you inform me whether or not it is the position of the Department that if a judge is told that OPR is conducting an investigation of possible prosecutorial misconduct and does not promptly impose sanctions, institute contempt proceedings, or initiate disciplinary action, that judge and/or the Court are precluded from doing so later. I thought that it was most fair to wait for the conclusion of the appeal of my decision in Ferrara, in which the Department ardently but unsuccessfully challenged my factual findings, before initiating disciplinary action against Mr. Auerhahn. See In re Auerhahn, 2009 WL 3126894, at *7. If it is the Department's position that such forbearance while OPR is also conducting an investigation forfeits a judge's authority to invoke the Court's disciplinary process, I suggest that position should be communicated clearly to the judiciary. If Mr. Auerhahn is asserting the Department's position, that position will provide another reason for judges and Courts to act swiftly to investigate and punish proven prosecutorial misconduct, without providing the Department an opportunity to investigate and, if appropriate, argue that no sanction is justified or that a judicial sanction is not necessary. See Jones, 620 F. Supp. 2d at 176 (noting Judge Emmett G. Sullivan's decision to appoint special counsel to investigate and possibly prosecute high ranking Department lawyers for contempt concerning the misconduct that led to the dismissal of the case against Senator Ted Stevens rather than deferring any action until OPR investigated).

Having spoken to concerned judges across the country about issues relating to prosecutorial misconduct and OPR, I know that the Department's position on this issue is not merely of importance to me. Therefore, I appreciate your consideration of this request and look forward to your response.

With best wishes,

Sincerely yours,

Mark L. Wolf

cc: Carmen M. Ortiz, United States Attorney for
    the District of Massachusetts (w/o encl.)
    Joseph Savage, Esq., Counsel for Suzanne Sullivan (w/o encl.)
    Michael DeMarco, Esq., Counsel for Jeffrey Auerhahn (w/o encl.)
    Constance Vecchione, Bar Counsel (w/o encl.)