UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>DARWIN JONES,    )<br>Defendant.   ) | Criminal No. 07-10289-MLW |

### JANUARY 5, 2010 SUPPLEMENT TO
### GOVERNMENT'S DECEMBER 30, 2009 RESPONSE
### TO THE COURT'S MAY 18, 2009 AND DECEMBER 8, 2009 ORDERS

The government hereby supplements its December 30, 2009 filing to bring to the Court's attention information that is relevant to the government's response to the Court's May 18, 2009 and December 8, 2009 *Memoranda and Orders*.

1.      In its *Memoranda and Orders*, the Court requested that the government inform it, *inter alia*, of steps that the Department of Justice ("DOJ") has taken to ensure that Assistant U.S. Attorneys ("AUSAs") act in compliance with their discovery obligations. On January 4, 2010, DOJ took certain actions that are relevant to the Court's inquiry. Specifically, Deputy Attorney General David W. Ogden issued three memoranda regarding criminal discovery practices, including a memorandum to all prosecutors containing guidance regarding criminal discovery that AUSAs should follow to help ensure that they meet discovery obligations in future cases. This memorandum covers such topics as where to look for discoverable information, and the need to disclose material variances in witness statements. And it reminds AUSAs that "providing broad and early discovery often promotes the truth-seeking mission of the Department and fosters a speedy resolution of a case" (while pointing out that there "are times when countervailing considerations counsel against broad and early disclosure"). In a second memorandum, Deputy Attorney General Ogden directed

United States Attorney Offices ("USAOs") and DOJ litigating components to "develop a discovery policy that reflects circuit and district court precedent and local rules and practices." For USAOs which already have standardized discovery practices or policies (as does the Office of the United States Attorney in the District of Massachusetts and, according to a DOJ survey, 90% of USAOs), the memorandum requires that they revisit or formalize their policies and ensure those policies reflect law and local rules and practices and, to the extent appropriate, address certain recurring issues. A third memorandum outlines other steps DOJ is going to take "to ensure that [AUSAs] have the resources, training and guidance to meet their obligations and that [AUSAs] thoroughly and thoughtfully evaluate their discovery obligations in every case in a manner that facilitates [DOJ's] sole function–to seek justice." These memoranda are on DOJ's public website, and are attached as exhibits to this memorandum. It is indisputable that DOJ regards the government's discovery obligations to be a critical part of its overall obligation to seek justice. So too does the Office of the United States Attorney for the District of Massachusetts.

    2.      The government wishes to take this opportunity to clarify one point in its December 30, 2009 legal memorandum. In prior pleadings, the government has argued that *United States v. Horn*, 29 F.3d 754 (1st Cir. 1994), imposes certain limitations on the use of supervisory power. In its attempt to meet the December 30, 2009 deadline, the government inadvertently failed to repeat this argument in its December 30, 2009 memorandum. The government wishes to avoid any confusion about the analytical framework it believes should be employed. As it has argued previously, the Court of Appeals for the First Circuit has said that a court should limit its supervisory power to those instances where there is extreme misconduct and prejudice, *Horn*, 29 F.3d at 760, and where no other measure will do, and this is not such a case. [*See, e.g.,* D.65 and D.105]. *Horn*

applies when a court wishes to use its supervisory power to impose a monetary penalty (fees or otherwise), as does the additional legal precedent discussed in the December 30, 2009 memorandum. Given the facts of this case, no monetary sanction is warranted.

## Conclusion

For all the reasons set out above and previously, the government respectfully states that sanctions are not warranted against the United States Attorney's Office for the District of Massachusetts or the AUSA.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: *s/s Dina Michael Chaitowitz*
DINA MICHAEL CHAITOWITZ
Chief of Appeals

## Certificate of Service

I hereby certify that on January 5, 2010, I caused this pleading to be filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*s/s Dina Michael Chaitowitz*
DINA MICHAEL CHAITOWITZ
Chief of Appeals