U.S. Department of Justice

Office of the Deputy Attorney General

The Deputy Attorney General

Washington, D.C. 20530

January 4, 2010

**MEMORANDUM FOR DEPARTMENT PROSECUTORS**

FROM:	David W. Ogden
	Deputy Attorney General

SUBJECT:	Issuance of Guidance and Summary of Actions Taken in Response
	to the Report of the Department of Justice Criminal Discovery and
	Case Management Working Group

  Earlier this year, on behalf of the Attorney General, I asked the Assistant Attorney General of the Criminal Division and the Chair of the Attorney General's Advisory Committee to convene a working group to undertake a thorough review of the Department of Justice's policies, practices, and training related to criminal case management and discovery and to evaluate areas for improvement. Members of this working group included senior level prosecutors from United States Attorneys' Offices (USAOs) and Main Justice, Information Technology support personnel, and law enforcement representatives. In addition, members of the Attorney General's Advisory Committee and the Department's Criminal Chiefs Working Group reviewed and provided comments on the Report. The case management discovery working group examined current Department of Justice policies, and surveyed all of the USAOs, the criminal litigating components of Main Justice, and the Department of Justice's law enforcement agencies, as well as the United States Postal Inspection Service, to evaluate current discovery practices, case management practices, and related training, and to identify areas for improvement.

  The Attorney General and I want to thank the members of the Working Group for the time and effort they put into this review and for the thorough and helpful report that the review produced. I called for the review in order to determine whether the Department was well positioned to meet its discovery obligations in future cases. The Working Group primarily focused on three areas pertinent to this determination: resources, training, and policy guidance. The Working Group's survey demonstrated that incidents of discovery failures are rare in comparison to the number of cases prosecuted. This conclusion was not surprising and reflects that the vast majority of prosecutors are meeting their discovery obligations. I thank you all for the extraordinary efforts you make every day in pursuit of criminal justice. Any discovery lapse, of course, is a serious matter. Moreover, even isolated lapses can have a disproportionate effect on public and judicial confidence in prosecutors and the criminal justice system. Beyond the consequences in the individual case, such a loss in confidence can have significant negative consequences on our effort to achieve justice in every case.

Case 1:07-cr-10289-MLW   Document 1042   Filed 01/05/2010   Page 1 of 4

Memorandum for Department Prosecutors                                    Page 2
Subject: Issuance of Guidance and Summary of Actions Taken in Response
         to the Report of the Department of Justice Criminal Discovery and
         Case Management Working Group

Justice Sutherland's observations regarding the role of a prosecutor are as true today as they were when he wrote them over 70 years ago. He wrote:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor–indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Berger v. United States*, 295 U.S. 78, 88 (1935). In the alcove outside the Attorney General's Office here in Washington, an inscription that rings the space reads: "The United States wins its point whenever justice is done its citizens in the courts." Over the years, the Department has consistently taken the necessary steps to assure that we meet these expectations. Towards that end, the United States Attorney's Manual (USAM) sets forth broad discovery policies that establish the Department's minimum expectations for prosecutors handling criminal cases in all jurisdictions. *See* USAM §§ 9-5.001 and 9-5.100. In 2006, the Department amended the United States Attorney's Manual regarding *Brady/Giglio*[1] obligations by requiring prosecutors to go beyond the requirements of the Constitution and "take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence." USAM § 9-5.001. With the advice of the Working Group, I have approached any further revisions to Department policy with the understanding that local practices and judicial expectations vary among districts, and that a one-size-fits-all approach might result in significant changes in some districts and no changes in others.

As representatives of the United States, our duty is to seek justice. In many cases, broad and early disclosures might lead to a speedy resolution and preserve limited resources for the pursuit of additional cases. In other cases, disclosures beyond those required by relevant statutes, rules and policies may risk harm to victims or witnesses, obstruction of justice, or other ramifications contrary to our mission of justice.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

Memorandum for Department Prosecutors                                        Page 3
Subject:  Issuance of Guidance and Summary of Actions Taken in Response
          to the Report of the Department of Justice Criminal Discovery and
          Case Management Working Group

      Recognizing this reality, we have today issued the Department's Guidance for Prosecutors Regarding Criminal Discovery that establishes the minimum considerations that prosecutors should undertake in every case. This guidance was developed at my request by a working group of experienced attorneys with expertise regarding criminal discovery issues that included attorneys from the Office of the Deputy Attorney General, the United States Attorneys' Offices, the Criminal Division, and the National Security Division. The working group sought comment from the Office of the Attorney General, the Attorney General's Advisory Committee, the Criminal Chiefs Working Group, the Appellate Chiefs Working Group, the Professional Responsibility Advisory Office, and the Office of Professional Responsibility. The working group produced a consensus document intended to assist Department prosecutors to understand their obligations and to manage the discovery process. I thank all concerned for the resulting memorandum.

      By making deliberate choices regarding discovery issues, prosecutors are most likely to comply with discovery obligations imposed by law and Department policy and assure that the goals of a prosecution are met. By separate memorandum to the United States Attorneys and to the heads of components that prosecute criminal cases, I am directing that each USAO and component develop a discovery policy that establishes discovery practice within the district or component. This directive will assure that USAOs and components have developed a discovery strategy that is consistent with the guidance and takes into account controlling precedent, existing local practices, and judicial expectations.

      In addition to issuing this discovery guidance and establishing component discovery policies, the Department is taking further steps in response to the Working Group report. Each USAO and the litigating components handling criminal cases have now named a discovery coordinator, and those coordinators attended a "Train the Trainer" discovery conference at the National Advocacy Center in October. These coordinators will provide discovery training to their respective offices no less than annually and serve as on-location advisors with respect to discovery obligations. In addition, we will:

- Create an online directory of resources pertaining to discovery issues that will be available to all prosecutors at their desktop;
- Produce a Handbook on Discovery and Case Management similar to the Grand Jury Manual so that prosecutors will have a one-stop resource that addresses various topics relating to discovery obligations;
- Implement a training curriculum and a mandatory training program for paralegals and law enforcement agents;

Exhibit 1

Memorandum for Department Prosecutors                                              Page 4
Subject:  Issuance of Guidance and Summary of Actions Taken in Response
         to the Report of the Department of Justice Criminal Discovery and
         Case Management Working Group

- Revitalize the Computer Forensics Working Group to address the problem of properly cataloguing electronically stored information recovered as part of federal investigations;
- Create a pilot case management project to fully explore the available case management software and possible new practices to better catalogue law enforcement investigative files and to ensure that all the information is transmitted in the most useful way to federal prosecutors.

These efforts will be overseen by an attorney detailed to Washington to assure timely completion of all of these measures.

All of the steps that the Department is taking are intended to ensure that we have the resources, training and guidance to meet our obligations and that we thoroughly and thoughtfully evaluate our discovery obligations in every case in a manner that facilitates our sole function–to seek justice. Thank in you in advance for your cooperation in this effort.