Office of the Deputy Attorney General

The Deputy Attorney General        Washington, D.C. 20530

January 4, 2010

**MEMORANDUM FOR HEADS OF DEPARTMENT LITIGATING COMPONENTS
HANDLING CRIMINAL MATTERS**

**ALL UNITED STATES ATTORNEYS**

FROM:  David W. Ogden
       Deputy Attorney General

SUBJECT:  Requirement for Office Discovery Policies in Criminal Matters

      Earlier this year, I asked the Assistant Attorney General of the Criminal Division and the Chair of the Attorney General's Advisory Committee to convene a working group to undertake a thorough review of the Department of Justice's policies, practices, and training related to criminal case management and discovery and to evaluate areas for improvement. Members of this working group included senior level prosecutors from United States Attorneys' Offices (USAOs) and Main Justice, Information Technology support personnel, and law enforcement representatives. In addition, members of the Attorney General's Advisory Committee and the Department's Criminal Chiefs Working Group reviewed and provided comments on the Working Group Report. The case management and discovery working group examined current Department of Justice policies, and surveyed all of the USAOs, the criminal litigating components of Main Justice, and the Department of Justice's law enforcement agencies, as well as the U.S. Postal Inspection Service, to evaluate current discovery practices, case management practices, and related training, and to identify areas for improvement.

      Today, in response to some of the recommendations in the Working Group Report, I sent out a memorandum to all prosecutors that included Guidance for Prosecutors Regarding Criminal Discovery that prosecutors should follow to help ensure that they meet discovery obligations in future cases. This guidance is not intended to establish new disclosure obligations. Those obligations are already set forth in Fed.R.Crim.P. 16 and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and 18 U.S.C. §3500 (the Jencks Act). In addition, Department policy provides for broader disclosures of exculpatory and impeachment information than *Brady* and *Giglio* require. *See* USAM §9-5.001. Prosecutors in every district and component must comply with legal requirements and with Department policy. Moreover, there are times when providing discovery broader than that provided for even by current Department policy serves the interests of justice. Providing broad and early discovery often promotes the truth-seeking mission of the Department and fosters a speedy resolution of a case.

Memorandum for Heads of Department Litigating Components                               Page 2
    Handling Criminal Matters;
    All United States Attorneys
Subject: Requirement for Office Discovery Policies in Criminal Matters

On the other hand, there are times when countervailing considerations counsel against broad and early disclosure. For these reasons, the discovery guidance is intended to assure that prosecutors make considered decisions about whether to disclose information beyond the requirements of law and policy and when to disclose it.

    The Working Group Report recognized that some local variation in discovery practices is inevitable. Inconsistent discovery practices among prosecutors within the same office, however, can lead to burdensome litigation over the appropriate scope and timing of disclosures, judicial frustration and confusion, and disparate discovery disclosures to a defendant based solely on the identity of the prosecutor who happens to have been assigned a case. In many instances, the discovery guidance directs that prosecutors be familiar with circuit and district court precedent and the local rules of the district in which they practice.

    In order to assist prosecutors maintain this familiarity and to establish uniform criminal discovery practices within the same office, I am today directing the USAOs and each Department litigating component handling criminal matters to develop a discovery policy that reflects circuit and district court precedent and local rules and practices.

    This directive requires each office to establish a discovery policy with which prosecutors in that office must comply. The policy should also provide that specific, case-related considerations may warrant a departure from the uniform discovery practices of the office. Because it is expected that such considerations will sometimes justify a departure from the particular office practice, your policy must set forth procedures prosecutors are required to follow to obtain supervisory approval to depart from the uniform practices in an appropriate case.

    Although the format is left to your discretion, the policy should address recurring issues such as: the timing of disclosures; disclosure of reports of interview for testifying or non-testifying witnesses; providing disclosure beyond the requirements of Fed.R.Crim.P 16 and 26.2, *Brady*, *Giglio*, the Jencks Act, and USAM §9-5.001; the scope of the "prosecution team" in national security cases[1] or cases involving regulatory agencies, parallel proceedings, or task force investigations; storing and reviewing substantive, case-related communications such as email; obtaining *Giglio* information from local law enforcement officers; disclosure questions related to trial preparation witness interviews; disclosure of agent notes; and maintaining a record of disclosures. I encourage you to seek input from investigative agencies regarding these issues as well.

---

[1] The Department will be issuing additional guidance on this issue by separate memorandum.

Memorandum for Heads of Department Litigating Components                    Page 3
    Handling Criminal Matters;
    All United States Attorneys
Subject: Requirement for Office Discovery Policies in Criminal Matters

    The Criminal Discovery and Case Management Survey conducted as part of the Working Group's efforts showed that 90% of USAOs currently have standardized discovery policies or practices, so in many offices this directive requires only that you re-visit or formalize your current policy and revise as necessary to make sure that your policy reflects law and practice and addresses, to the extent appropriate, the issues set forth above.

    The Working Group survey showed that 52% of the litigating components reported having standardized discovery policies or practices. I recognize that the litigating components that practice in multiple districts cannot develop a practice to reflect the local rules and practices of each district. Each litigating component should nonetheless develop a policy that guides the discovery practice of the component, understanding that litigating component prosecutors should examine–and in appropriate circumstances defer to–local policy when litigating in a particular district. Component policies should also address as appropriate the topics set forth above.

    I encourage you to create or modify your policy as soon as possible, but in any event you are directed to have a revised or new policy in place no later than March 31, 2010, and to provide a copy to the Office of the Associate Attorney General and the Office of the Deputy Attorney General. USAOs should also provide a copy to the Executive Office for United States Attorneys.

    I am confident that this effort along with the other steps being taken in response to the Working Group report will facilitate discovery practices that comply with our legal obligations and enhance our ability to achieve justice in every case. Thank you very much for your cooperation in this effort.